# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2765
_____

United States of America

*Plaintiff - Appellee*

v.

Johnnie Earl Long

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 31, 2016
Filed: July 21, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Johnnie Earl Long pled guilty to one count of conveying false and misleading information regarding the distribution of biological weapons, in violation of 18 U.S.C. § 1038. He appeals his 46 month sentence imposed by the district court.[1] We affirm.

In July 2013, just after his divorce was finalized in June, Long mailed an envelope with a harmless, white powdery substance to his ex-wife's attorney. The envelope also included a note spelling out "U R DEAD" in stickers. The attorney suspected the letter had come from a Jeffrey Selvog because two weeks prior to receipt of the envelope, the attorney had received a threatening email that appeared to be from Selvog. A later investigation proved, however, that Long had sent the threatening email using "anonymizing" software that made it appear that the email came from Selvog's email account. Nine days after sending that envelope, Long placed a fake explosive device in the driveway of the attorney's neighbor. Long spelled out the attorney's name in stickers on the device. Long placed similar devices in his own driveway and Selvog's driveway.

In November 2013, Long mailed envelopes with a white powdery substance to six government officials in Pine County, Minnesota. As a result of these letters, the Pine County courthouse was evacuated and a full hazardous material protocol response was conducted. Subsequent lab analysis of the powder revealed that it was a common pesticide but not in a sufficient quantity that would realistically cause harm to humans. When Long was questioned after this incident, he maintained his innocence. Following his interview, Long twice feigned his own kidnapping by unknown assailants and called in false tips to a police tip line in an attempt to lead officers to suspect others, including Selvog, of wrong-doing.

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

In December 2013, Long was interviewed by police authorities and eventually confessed to sending the letters, placing the fake explosive devices, and fabricating the abduction claims. Long was arrested immediately after the interview and placed into custody. While in custody in December 2013, Long attempted to hire another prisoner, who was about to be released, to send additional threatening letters containing white powder so it would appear that Long, who was in jail, was not the source of the earlier letters. This other inmate immediately notified the police.

Long was indicted on seven counts related to mailing threats. He entered into a plea agreement, pleading guilty to one count of conveying false and misleading information regarding the distribution of biological weapons, in violation of 18 U.S.C. § 1038. Long raised no objections to the presentence investigation report's factual statement or the Sentencing Guidelines calculation, which resulted in a Guidelines range of 37 to 46 months imprisonment. At the sentencing hearing, the court acknowledged receiving a letter from Long and victim impact statements from several individuals. The court stated it had read Long's letter and considered his comments therein, then noted, "Although I think you feel very badly you're in this situation, I don't think you've fully appreciated how terrorizing this was to many of the victims." The court noted Long's arrest did not put an end to his actions, and this concerned the court about Long's future behavior. The court acknowledged Long's clean disciplinary record while detained, but the court found "a longer period of reflection about the effects of [his] behavior is required under the circumstances." The court found the 46 month sentence to be "sufficient but not more than necessary to comply with the statutory objectives for sentencing as . . . set forth in [18 U.S.C. § 3553(a)]."

Long appeals the sentence, arguing it is substantively unreasonable because the sentence is longer than necessary to carry out the purposes of 18 U.S.C. § 3553(a). We review the substantive reasonableness of a district court's sentence for abuse of discretion. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) 'fails to consider a relevant

factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. (quoting United States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)). Our review is "narrow and deferential," and "it will be the unusual case when we reverse a district court sentence–whether within, above, or below the applicable Guidelines range–as substantively unreasonable." Id. at 464 (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). "We apply a presumption of reasonableness to a within-Guidelines-range sentence because it 'recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable.'" United States v. Coleman, 635 F.3d 380, 382 (8th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 350-51 (2007)).

Long argues "several important facts . . . presented to the Court, through the pre-sentence report, submissions by Mr. Long, and allocution . . . were not considered, and those that were considered, received insufficient weight in the determination of the sentence." Long claims the facts the court failed to consider or gave insufficient weight were his stable work history, the fact that he had no disciplinary violations while in county jail, and the statements made in his letter to the court which he believed appropriately expressed remorse for his actions.

The district court stated it considered all of the relevant section 3553(a) factors when it determined the 46 month sentence to be appropriate. It specifically addressed several of Long's arguments at sentencing. For instance, the court considered the comments Long made in his letter, however the court found Long was not expressing remorse for his actions and the harm it caused the victims, rather he was expressing remorse for the fact that he was facing criminal penalties. Also, the court discussed Long's good behavior while detained, but the court then explained why it believed the 46 month sentence to be necessary, including that even after his arrest Long continued

-4-

to perpetuate the crime.  See United States v. Farmer, 647 F.3d 1175, 1179 (8th Cir. 2011) ("Simply because the district court weighed relevant factors . . . more heavily than [the defendant] would prefer does not mean the district court abused its discretion.").  We hold the district court did not commit a clear error of judgment in weighing the sentencing factors nor did the court fail to consider a factor that should have received significant weight.  Accordingly, Long has failed to rebut the presumption that his sentence was substantively reasonable.

We affirm.

_____