# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2161

_____

United States of America

*Plaintiff - Appellee*

v.

Lazaro Soliz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 3, 2017
Filed: May 25, 2017

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Lazaro Soliz pled guilty to possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He moved for a downward variance. The district court[1] sentenced him to 235 months'

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

imprisonment, the guidelines minimum. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

Soliz has been heavily involved with drugs since his difficult childhood. In July 2015, police learned he was selling meth. With help of confidential informants, they arranged a traffic stop. Soliz gave permission to search the car. Police found 453 grams of meth. Soliz admitted he intended to resell it. The district court granted a downward departure, lowering the criminal history by one category. Soliz claims the district court abused its discretion by not considering his history and characteristics, just punishment for his specific offense, and the need to avoid unwarranted sentencing disparities.

This court reviews sentences for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 49 (2007). This court reviews first, for significant procedural error and second, for substantive reasonableness. *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009). Because Soliz did not object about any procedural errors, they are reviewed for plain error. *United States v. Cottrell*, 853 F.3d 459, 462 (8th Cir. 2017).

Soliz argues that the district court failed to consider his history and characteristics and the need for just punishment. *See* **18 U.S.C. § 3553(a)**. A district court commits procedural error if it fails to consider the § 3553(a) factors. *United States v. Barron*, 557 F.3d 866, 868 (8th Cir. 2009). The district court here specifically addressed the § 3553(a) factors raised by Soliz. It committed no procedural error. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

As for the substantive reasonableness, this court gives due deference to the district court's sentence. *Gall*, 522 U.S. at 51. A district court abuses its discretion if it 1) fails to consider a significant factor it should have, 2) gives significant weight

to an improper or irrelevant factor, or 3) considers the appropriate factors but commits a clear error of judgment in weighing them. *Feemster*, 572 F.3d at 461. The sentence here is within the guideline range, supported by the record, and is presumptively reasonable on appeal. *Cottrell*, 853 F.3d at 463.

Citing sentences by other judges, Soliz argues that his sentence creates sentencing disparities. He emphasizes the Supreme Court's requirement that district courts "must take account of sentencing practices in other courts." *See Kimbrough v. United States*, 552 U.S. 85, 108 (2007). Soliz ignores that the Court immediately adds that reaching an appropriate sentence requires weighing any unwarranted disparities against the other § 3553(a) factors. *Id.*

Soliz also relies on *United States v. Lazenby*, 439 F.3d 928, 934 (8th Cir. 2006). It addressed the unusual circumstances of extreme disparities between the sentences of co-conspirators, reviewed in a consolidated appeal. *See United States v. Fry*, 792 F.3d 884, 892-93 (8th Cir. 2015); *United States v. McDowell*, 676 F.3d 730, 733 (8th Cir. 2012). Soliz acted alone.

The sentencing practices of one district court are not a reference point for other courts. *Barron*, 557 F.3d at 869. An argument that non-conspirator defendants received shorter sentences for comparable offenses is at base a disagreement with the weighing of the § 3553(a) factors. *United States v. Merrell*, 842 F.3d 577, 585 (8th Cir. 2016). This disagreement does not demonstrate an abuse of discretion. *Id.* The district court did not abuse its discretion in sentencing Soliz.

*******

The judgment is affirmed.

_____

-3-