# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-3618
_____

United States of America

*Plaintiff - Appellee*

v.

Kennett James McElderry

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: October 16, 2017
Filed: November 16, 2017
[Published]
_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Kennett McElderry pleaded guilty to one count of distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). The district

court[1] determined that his advisory guideline range was 235 to 240 months in prison. Varying downward, the court imposed a 130-month sentence. McElderry appeals, arguing that his sentence is substantively unreasonable because the district court abused its discretion in failing to consider the sentences of other similarly situated defendants in the District of Minnesota who were less cooperative and more culpable, and had more extensive criminal histories than McElderry. We affirm.

Prior to sentencing, McElderry's attorney submitted a lengthy Sentencing Memorandum that urged the court to impose a 60-month sentence, the statutory mandatory minimum, based primarily on his extensive cooperation with law enforcement, the nature of his crime, his behavior while on pre-trial release, his expression of remorse, and his overstated criminal history. Near the end, the Memorandum compared the sentences imposed by six District of Minnesota judges on thirteen defendants convicted of prior, unrelated child pornography offenses. At sentencing, the district court stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors "and finds that the [130-month] sentence imposed is sufficient and not greater than necessary to afford adequate deterrence to future criminal conduct." Defense counsel urged the court to reconsider because in other cases "there's been prior hands-on offenses or prior viewing where people have gotten less time." The court noted that it had read that portion of the Sentencing Memorandum and declined to reconsider the sentence.

On appeal, McElderry argues that his sentence is greater than necessary because the district court failed to consider a mandatory sentencing factor: "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Comparing his

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

sentence "to other defendants convicted of similar crimes," McElderry argues, "it is clear his sentence is unreasonable."

Although sentencing-disparity arguments are properly raised to the district court, "we decline to impose a procedural requirement that a district judge . . . must compare and contrast the defendant under consideration with a similar offender who has been sentenced by another federal judge." United States v. Barron, 557 F.3d 866, 869 (8th Cir. 2009). As we said in United States v. Soliz, 857 F.3d 781, 783 (8th Cir. 2017) (citations omitted):

> The sentencing practices of one district court are not a reference point for other courts. An argument that non-conspirator defendants received shorter sentences for comparable offenses is at base a disagreement with the weighing of the § 3553(a) factors. This disagreement does not demonstrate an abuse of discretion.

McElderry correctly notes that we did remand for resentencing two similarly situated co-conspirators who were given extremely disparate sentences by different district judges in United States v. Lazenby, 439 F.3d 928 (8th Cir. 2006). But we have limited that decision to the "unusual circumstances" there presented, which included "a consolidated appeal involving both conspirators that permitted a remand for resentencing of both parties." United States v. Fry, 792 F.3d 884, 892-93 (8th Cir. 2015). When the argument is, as in this case, that the district court's sentence created unwarranted disparities with the sentences imposed on thirteen unrelated offenders by six different judges, "there is no principled basis for an appellate court to say which defendant[s] received the 'appropriate' sentence." Id. at 893 (citation omitted). Thus, McElderry's reliance on § 3553(a)(6) on appeal is misplaced.

Reviewing the substantive reasonableness of McElderry's sentence under our deferential standard, we conclude that the district court did not abuse its discretion

by imposing a substantively unreasonable sentence.  See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (*en banc*) (standard of review).

The judgment of the district court is affirmed.

_____