# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3729

_____

United States of America,

*Plaintiff - Appellee,*

v.

Ryan John Reif,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: November 12, 2018
Filed: April 11, 2019

_____

Before COLLOTON, SHEPHERD, and STRAS, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Ryan Reif distributed heroin to a nineteen-year-old woman, his girlfriend, who ingested the drug and died as a result. Reif pleaded guilty to distribution of heroin to a person under the age of twenty-one. The offense carried a statutory penalty of one to forty years' imprisonment. *See* 21 U.S.C. §§ 859, 841(a)(1), 841(b)(1)(C). In

the plea agreement, the government agreed to dismiss a more serious charge of distribution of heroin resulting in death. *See id.* § 841(a)(1), (b)(1)(C).

The advisory sentencing guideline range for Reif's offense of conviction was 15-21 months' imprisonment. The government moved for an upward departure under the guidelines and an upward variance from the guidelines under 18 U.S.C. § 3553(a), on the ground that Reif's offense resulted in death. The district court[1] observed that Reif had trafficked not only heroin, but also other drugs, and "basically had a pharmacy" from which he was "making available to others controlled substances." The court explained that the offense of conviction was "an extremely serious crime" that required "a serious consequence," that the guideline range did not take into account the victim's death, and that Reif's offense was "akin to an involuntary manslaughter case." The court ultimately sentenced Reif to 96 months' imprisonment, concluding that it would reach "exactly the same sentence" under either a guidelines departure or a variance from the guidelines.

Reif appeals and contends that the district court abused its discretion in fashioning the sentence. He does not challenge the district court's decision to sentence above the advisory range, but he argues that the court failed to provide adequate reasons for choosing a term of 96 months. We conclude that the sentence is permissible as a departure under the guidelines and that it is not unreasonable with regard to the factors set forth in 18 U.S.C. § 3553(a).

Under the guidelines, the court may depart upward if death resulted from the offense of conviction, USSG § 5K2.1, and to reflect the actual seriousness of the offense based on conduct underlying a charge dismissed as part of a plea agreement, *id.* § 5K2.21. Both policy statements apply here, and the court did not abuse its

---

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

discretion in selecting a 75-month upward departure. The policy statement on death advises the court to "give consideration to matters that would normally distinguish among levels of homicide." *Id.* § 5K2.1. Here, the district court found Reif's conduct most akin to involuntary manslaughter, and sentenced him to the maximum punishment available under the federal involuntary manslaughter statute. *See* 18 U.S.C. § 1112(b). In considering the dismissed charge of drug distribution resulting in death, the court recognized that the statutory *minimum* sentence for that offense would have been twenty years' imprisonment, and that the advisory range of 15-21 months' imprisonment under-represented the actual seriousness of Reif's offense conduct. In arriving at an upward departure of 75 months, and a total guideline sentence of 96 months' imprisonment, the court thus considered the relevant factors under the applicable policy statements and fashioned a sentence that bore a reasonable relationship to those factors. There was no abuse of discretion.

Reif also argues that the sentence is unreasonable with regard to 18 U.S.C. § 3553(a). We review reasonableness under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and because Reif's sentence was consistent with the advisory guidelines (after a permissible guidelines departure), we presume that it is reasonable. *See United States v. Brave Bull*, 828 F.3d 735, 741 (8th Cir. 2016). Reif's principal complaint is that the district court here fixed a longer term of imprisonment than did the sentencing court in *United States v. Nossan*, 647 F.3d 822 (8th Cir. 2011), where a defendant who distributed heroin resulting in a death was sentenced to 60 months' imprisonment. *Id.* at 825. That a 60-month term was reasonable in *Nossan*, however, does not mean that 60 months is the *only* reasonable term of imprisonment for a defendant whose distribution of heroin results in death. District judges are permitted to sentence within a range of reasonableness, and they are not required to conform to decisions of other sentencing judges in cases involving allegedly similar offenders. When different judges arrive at different reasonable sentences for similar offenders, there is no principled basis for an appellate court to say that only one of the sentences is appropriate. *See United States*

*v. McElderry*, 875 F.3d 863, 865 (8th Cir. 2017) (per curiam). In this case, the district court noted Reif's youth and acknowledged the hardship of addiction during adolescence, but reasonably concluded that other factors such as the seriousness of the offense and the need for deterrence warranted a longer sentence than what Reif proposed.

The judgment of the district court is affirmed.

_____