[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12459
Non-Argument Calendar

_____

D.C. Docket No. 8:19-cr-00187-SCB-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFUS WEASLEY JAMES, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 12, 2021)

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Rufus Weasley James, II, appeals his total sentence for distribution of fentanyl and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). He argues that his above-guideline sentence of 60 months is procedurally and substantively unreasonable because the district court did not adequately explain its basis for imposing a sentence above the advisory guideline range and created an unwarranted sentencing disparity with other defendants convicted of similar offenses. Because Mr. James has failed to show that the district court abused its discretion, we affirm.

**I**

On January 22, 2019, Mr. James sold what he believed to be heroin to a buyer, B.B., at a hotel. The substance also turned out to contain fentanyl, and shortly after ingesting the drugs B.B. overdosed and lost consciousness. The woman who had accompanied B.B. fled, but Mr. James, to his credit, immediately called 911 and stayed with B.B. until the paramedics arrived. He also followed the dispatcher's instructions to keep B.B's airway clear. B.B. was given Naloxone and transported to the hospital, where he told medical staff and authorities that he had taken heroin. He was later released from the hospital. Mr. James cooperated with law enforcement throughout, giving his real name and number.

2

The next day an undercover agent called Mr. James using the number he had provided, posing as an addict and veteran in pain looking to buy opioids. Mr. James met with the agent and sold him drugs from the same batch sold to B.B. During this sale Mr. James told the agent that the heroin had "killed" B.B. and to only take a small amount of the drug.

Mr. James sold drugs again to the undercover agent 11 days later. The substance sold on this date contained only heroin.

A grand jury charged Mr. James with one count of distribution of fentanyl resulting in serious bodily harm, one count of distribution of fentanyl, and one count of distribution of heroin, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Mr. James pled guilty before a magistrate judge to Counts 2 and 3 without a plea agreement. A month later the government filed a superseding information to remove the serious bodily injury allegation from Count 1. Mr. James entered a guilty plea pursuant to a written plea agreement to Count 1 of the superseding information— distribution of fentanyl without serious bodily injury. As part of the agreement, he waived his right to appeal (with an exception for an above-guidelines sentence) and agreed that the victim, B.B., suffered serious bodily injury from his use of fentanyl.

The presentence investigation report (PSR) calculated an advisory guidelines imprisonment range of 10 to 16 months. This calculation was based on a total offense level of 10 following a two-level reduction for acceptance of responsibility, and a

3

criminal history category of III based on four criminal history points (for a prior felony conviction and two misdemeanor convictions). Mr. James faced a statutory maximum sentence of 20 years, but no mandatory minimum sentence.

The PSR did not identify any factors warranting a departure from the advisory guidelines and acknowledged Mr. James' claims for a downward departure based on U.S.S.G. § 5H1.4 (physical condition), U.S.S.G. § 5K2.2 (physical injury), and U.S.S.G. § 5K2.10 (victim's conduct). The PSR noted, however, that an upward variance might be warranted in order to sufficiently capture the harm caused by Mr. James' criminal conduct and the true nature and circumstances of the offense, and to reflect the seriousness of Mr. James' behavior.

Prior to the sentencing hearing, the government filed a memorandum requesting an upward departure or a variance to a sentence of 78 months' imprisonment. The departure request was pursuant to U.S.S.G. §§ 5K2.2 (physical injury) and 5K2.21 (dismissed and uncharged conduct). The variance request was based on the 18 U.S.C. § 3553(a) factors, to account for the serious bodily injury not otherwise accounted for by the advisory guidelines range. Mr. James responded with a sentencing memorandum, arguing that the § 3553(a) factors supported a shorter sentence of incarceration with a longer term of supervised release.

Following a sentencing hearing, the district court adopted the PSR's guidelines computation and sentenced Mr. James to three concurrent 60-month

4

terms of imprisonment. The district court based the sentence on (1) an upward departure under U.S.S.G. § 5K2.21 and (2) an upward variance under 18 U.S.C. § 3553(a)—both based on the bodily injury to B.B. and Mr. James' sale of drugs from the same batch the day after B.B.'s injury. The district court explained that it would have departed higher had it not been for the fact that Mr. James stayed with B.B. until the paramedics arrived. *See* D.E. 83 at 39-41.[1]

## II

Mr. James challenges his sentence on both procedural and substantive reasonableness grounds. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The same standard applies to our review of an upward departure from the Sentencing Guidelines. *See Koon v. United States*, 518 U.S. 81, 97-98 (1996).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error. *See Gall*, 552 U.S. at 51. Procedural unreasonableness includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation

---

[1] The district court did not explain how much of the sentence was based on the departure and how much was based on the variance.

from the Guidelines range." *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) (internal quotations omitted).

"Although the district court must consider each of the factors listed in § 3553(a), it need not discuss each of those factors on the record." *United States v. Gomez*, 955 F.3d 1250, 1257 (11th Cir. 2020). "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *Id.* Nevertheless, when a district court imposes a sentence outside the guideline range, it should explain why it has done so. *See Rita v. United States*, 551 U.S. 338, 357 (2007). The length and detail of the explanation required depends on the circumstances. *See United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008). Ultimately, the district court must say enough to show "that [it] has considered the parties' arguments and has a reasoned basis" for its decision. *Id.*

On substantive reasonableness review, "a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of

the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *See* 18 U.S.C. § 3553(a). The weight given to any § 3553(a) factor is a matter generally committed to the discretion of the district court. *See United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

One of the sentencing factors, § 3553(a)(6), requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" in imposing a sentence. "A well-founded claim of disparity, however, assumes that apples are being compared to apples." *Docampo*, 573 F.3d at 1101. Thus, there can be no "unwarranted" sentencing disparities among codefendants who are not similarly situated. *See United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015). "It is not enough for a defendant to simply compare the sentences of other defendants . . . to his own; there must be comparable underlying factual circumstances." *Id.* "One needs to have more than the crime of conviction and the total length of the sentences to evaluate alleged disparities. The underlying facts of the crime and all of the individual characteristics are relevant." *Id.*

Under § 5K2.21, a district court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

### III

After careful review, we are not left with a definite and firm conviction that the district court committed a clear error of judgment. The upward departure and variance was not an abuse of discretion because, as the court noted, Mr. James sold fentanyl which caused serious bodily harm to B.B. and that injury was not charged by the government in Count 1 of the superseding information. Moreover, notwithstanding that incident, Mr. James then turned around and sold fentanyl to the undercover agent from the same batch the very next day.  Under the circumstances, and given the language of U.S.S.G. § 5K2.21, the district court's upward departure and variance was permissible.[2]

The district court explicitly considered § 3553(a) factors and took into account both aggravating and mitigating circumstances. The court noted that Mr. James

---

[2] We recognize that the district court did not explain the extent of the departure and the extent of the variance. It did not say, for example, that it departed upward by 24 months and varied upward by 20 months. Nevertheless, any procedural error in this respect was harmless because on this record we would deem any combination of a departure/variance as substantively reasonable.

called 911 and stayed with B.B., stating that it would have departed "much more" otherwise, and recognized that Mr. James is a drug addict. The court also concluded, however, that the Sentencing Guidelines range did not account for the serious bodily injury to B.B. Though the court did not explicitly specify what portion of the sentence was a variance and what was a departure, the court clearly laid out its reasoning for the increased sentence. In its "statement of reasons," D.E. 74, the court relied on U.S.S.G. § 5K2.21 and also referenced 18 U.S.C. § 3553(a). The court wrote that "[t]he defendant's criminal conduct, in which he provided fentanyl to the victim which caused the victim to overdose and sustain serious bodily injury" was an aggravating factor, and that it "also determined that the recommended advisory guidelines in this case did not accurately capture the true harm of the defendant's criminal conduct in the instant offense." *Id*. Together, this was enough to show the court "considered the parties' arguments and ha[d] a reasoned basis" for its decision. *See United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008). While we may not have weighed these factors in the same way, the district court did not abuse its discretion in imposing concurrent 60-month terms of imprisonment.

Mr. James also argues that the district court improperly considered not only his conduct, but also the statutory sentencing range that would have resulted had B.B.'s bodily harm been taken into account in terms of the Count 1 charge. As some of our sister courts have noted, the penalty related to uncharged conduct can be

9

helpful in assessing what sentence to impose. *See United States v. Camiscione*, 591 F.3d 823, 836 (6th Cir. 2010); *United States v. Reif*, 920 F.3d 1197, 1198 (8th Cir. 2019). Nothing in the record suggests that the district court improperly treated the statutory penalty for the uncharged crime as the baseline or starting point for its sentencing decision.

Finally, Mr. James contends that the district court created an unwarranted sentencing disparity by imposing an above-guidelines-range sentence. *See Irey*, 612 F.3d at 1189. Based on the record before us, we cannot conclude that the district court abused its discretion in this regard because it is unclear whether the individual defendants that Mr. James lists as comparators were similarly situated. *See Docampo*, 573 F.3d at 1101; *Azmat*, 805 F.3d at 1048.

The district court, in its discretion, put great weight on the temporal proximity of Mr. James' subsequent sale from the same batch of drugs that injured B.B. The information Mr. James includes about the potential comparators does not establish that those defendants shared that trait. Although Mr. James explains that these defendants sold drugs that caused bodily harm, sometimes on multiple occasions, he does not include information about the temporal proximity or potential shared source of the drugs. Therefore, we cannot conclude that there is an unwarranted sentencing disparity. *See Azmat*, 805 F.3d at 1048.

10

## IV

The district court properly considered uncharged conduct under U.S.S.G. § 5K2.21 and the 18 U.S.C. § 3553(a) sentencing factors, explained its reasoning, and did not abuse its discretion in imposing an above-guidelines sentence. Nor did the district court improperly treat the penalty associated with the uncharged conduct as the starting point for its sentencing decision. Finally, Mr. James has failed to show that his proposed comparators shared the trait key to the district court's sentencing decision, and we therefore cannot conclude that there is an unwarranted sentencing disparity.  Accordingly, we affirm Mr. James' sentence.

**AFFIRMED.**

11