# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-3322

_____

United States of America

*Plaintiff - Appellee*

v.

William Peppers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: April 27, 2022
Filed: May 10, 2022
[Unpublished]

_____

Before LOKEN and KELLY, Circuit Judges, and MENENDEZ,[1] District Judge.

_____

PER CURIAM.

William Peppers pleaded guilty to possession of a prohibited object (marijuana) while in prison, in violation of 18 U.S.C. § 1791(a)(2). His advisory sentencing range under the United States Sentencing Guidelines was zero to six

---

[1]The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota, sitting by designation.

months' imprisonment. The district court[2] sentenced Peppers to eight months' imprisonment to run consecutively to the sentence he was already serving. Peppers appeals his sentence, arguing it is both procedurally and substantively unsound.

"This court reviews sentences for abuse of discretion. This court reviews first, for significant procedural error and second, for substantive reasonableness." United States v. Soliz, 857 F.3d 781, 783 (8th Cir. 2017) (citations omitted).

Peppers argues the district court procedurally erred by failing to consider relevant 18 U.S.C. § 3553(a) factors and to explain its sentencing decision adequately. While the court did not expressly invoke the § 3553(a) factors, it is clear from the record that it considered them. See United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) ("We do not require the district court to mechanically recite the § 3553(a) factors when . . . it is clear from the record that the court properly considered those factors."). The court expressed its deep concerns about the possession of contraband—drugs in particular—in prison. In doing so, it touched on several of the statutory sentencing factors, including the nature and circumstances of the offense, the need for the sentence to promote respect for the law, the need for the sentence to afford adequate deterrence to criminal conduct, and the applicable Guidelines range. See 18 U.S.C. § 3553(a). We find no abuse of discretion in the court's failure to specifically mention the factors by name.

We are likewise unpersuaded by Peppers's contention that the court failed to explain the sentence imposed. At sentencing, the court said that a person who possesses drugs in prison shows "no regard for law at all." The court continued by explaining that not imposing a meaningful penalty for Peppers's conduct would be a message to "everybody back in that prison" that if you smoke marijuana "[i]t's not that important." That was a message the court did not want to send. The court also acknowledged the circumstances of Peppers's case, which involved smoking

_____

[2]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

marijuana as a way of dealing with recent personal hardships. We find the district court's explanation of the sentence, which balanced Peppers's mitigating factors with the court's concerns about the presence of drugs in prison, was adequate.

Peppers next argues that his sentence is substantively unreasonable because the district court gave significant weight to an improper factor—namely, the court's "prison-drug-cases sentencing policy"—and no weight to relevant factors, including the fact that Peppers had already been punished by the Bureau of Prisons (BOP) for his drug offense and the need to avoid national sentencing disparities. "A district court abuses its discretion in sentencing 'if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Petersen, 848 F.3d 1153, 1157 (8th Cir. 2017) (quoting United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010)). The district court expressed particular concern about cases involving drugs in prison generally, but it performed an individualized evaluation of Peppers's case before imposing the sentence. At the hearing, Peppers made the district court aware of the punishment he had already received from the BOP, including loss of good time credit, loss of privileges, and time in the special housing unit, and the court acknowledged this argument. The court also contrasted Peppers's case with other prison drug cases as it explained the reasoning behind the sentence it imposed. On this record, Peppers has failed to establish that his sentence is substantively unreasonable.

We affirm the district court's judgment.

_____