# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1849
_____

United States of America

*Plaintiff - Appellee*

v.

Donald Richard Crane

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 19, 2022
Filed: October 24, 2022
[Unpublished]
_____

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Donald Crane appeals his supervised release revocation sentence, claiming that it is substantively unreasonable. In 2015, Crane was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The district court[1]

_____

[1]The Honorable Linda Reade, United States District Judge for the Northern District of Iowa.

sentenced him to 63 months' imprisonment followed by 3 years' supervised release. His supervised release was revoked in November 2020 because he used a controlled substance and failed to comply with location monitoring. As a result, the district court sentenced Crane to 12 months and 1 day of imprisonment and 1 year of further supervised release.

Crane's second term of supervised release began on September 17, 2021. In April 2022, the Government again petitioned to revoke his supervised release. The petition alleged that Crane committed seventeen violations of nine different terms of his supervised release, including failing to participate in drug testing and treatment, using a controlled substance, lying to his probation officer, failing to follow the probation officer's instructions, interacting with a convicted felon or person engaged in criminal activity, and using alcohol.

At the revocation hearing, Crane admitted to thirteen of the alleged violations, and the district court found that he committed the remaining four. The revocation sentencing guidelines range was 7 to 13 months' imprisonment. The Government recommended imprisonment for 23 months without any additional term of supervised release. Crane argued that a sentence above the guidelines range was unnecessary and that he should be imprisoned for the remaining term of his supervised release, which was 5 months. The district court revoked Crane's supervised release and sentenced him to 23 months' imprisonment without subsequent supervised release. The district court varied above the guidelines range based on Crane's lack of rehabilitation, his disrespect for the law, and his repeated violations. Crane appealed, arguing that his sentence was substantively unreasonable.

"We review the district court's revocation sentencing decision under the same deferential-abuse-of-discretion standard that applies to initial sentencing proceedings." *United States v. Clark*, 998 F.3d 363, 367 (8th Cir. 2021) (internal quotation marks, brackets, and italics omitted). When determining the sentence to impose upon revocation of supervised release, the district court must consider some

of the sentencing factors in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense," § 3553(a)(1), "the history and characteristics of the defendant," *id.*, the need for the sentence "to afford adequate deterrence" and "to protect the public from further crimes of the defendant," § 3553(a)(2), the guidelines sentencing range, § 3553(a)(4), and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6). *See* 18 U.S.C. § 3583(e). "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Borromeo*, 657 F.3d 754, 757 (8th Cir. 2011). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009).

The district court did not abuse its discretion in varying upward to 23 months' imprisonment. Crane argues that his sentence was substantively unreasonable because (1) it was imposed to punish him for not being able or willing to stop using drugs and alcohol, (2) his revocation was based on conduct unrelated to his original offense, and (3) the district court was biased against him as evidenced by its statement that it took Crane's lies to the court personally. None are persuasive. "We have repeatedly held that it is not unreasonable for a sentencing court to demonstrate with an upward variance that contemptuous disregard for our laws can have serious consequences." *United States v. Michels*, 49 F.4th 1146, 1149 (8th Cir. 2022). Here, the district court said it took Crane's lying personally but later clarified that it was referring to Crane's committing perjury. The district court was permitted to consider Crane's perjury under § 3553(a)(2)(A), which requires the district court to consider "the need for the sentence imposed . . . to promote respect for the law." *See United States v. Waters*, 799 F.3d 964, 975 (8th Cir. 2015). Likewise, the district court was permitted to weigh heavily Crane's repeated drug and alcohol related violations and lack of rehabilitation in varying upward. *See United States v. Growden*, 663 F.3d 982, 984-85 (8th Cir. 2011) (concluding that an above-guidelines-range revocation sentence was not substantively unreasonable based on the defendant's repeated

-3-

violations of his supervised release terms, lack of remorse, refusal to take responsibility, disrespect for the law, and dishonest character); *United States v. Merrival*, 521 F.3d 889, 891 (8th Cir. 2008) (affirming a revocation sentence where the district court varied upward from the guidelines range of 5 to 11 months to 24 months based on the defendant's recidivism, failure to rehabilitate, and attempted falsification of a drug test).

Crane also argues that his sentence is substantively unreasonable because similar conduct in the Northern District of Iowa was punished less harshly. *See* § 3553(a)(6). We disagree. "The statutory direction to avoid unwarranted disparities among defendants, 18 U.S.C. § 3553(a)(6), refers to national disparities," *United States v. Pierre*, 870 F.3d 845, 850 (8th Cir. 2017), and Crane mentions only other Northern District of Iowa cases. Moreover, "[w]hen the argument is, as in this case, that the district court's sentence created unwarranted disparities with the sentences imposed on . . . unrelated offenders by . . . different judges, there is no principled basis for an appellate court to say which defendant received the 'appropriate' sentence." *United States v. McElderry*, 875 F.3d 863, 865 (8th Cir. 2017) (internal quotation marks omitted).

In sum, the district court considered the appropriate factors, and though Crane disagrees with how the district court weighed them, we conclude that Crane's sentence is not substantively unreasonable. Thus, we affirm Crane's sentence.

_____