# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2886
_____

United States of America

*Plaintiff - Appellee*

v.

Marlene Saldierna

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: April 12, 2024
Filed: August 16, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, SMITH and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Marlene Saldierna appeals the district court's[1] sentencing decision and contends that her sentence is substantively unreasonable. Finding no abuse of discretion, we affirm.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

## I. *Background*

Police officers learned from a confidential informant (CI) that Saldierna was distributing methamphetamine. Using this CI, officers arranged a series of controlled purchases from Saldierna. During the first purchase, Saldierna informed the CI that she would give them more methamphetamine. Saldierna sold methamphetamine to the CI four more times. Two of those times, Saldierna fronted the CI with methamphetamine and requested payment through Cash App.

During one sale, Saldierna contacted the CI and asked them to provide transportation for the drug transaction. Once together, Saldierna instructed the CI to take her to the United States courthouse in Fayetteville, Arkansas. Upon arriving at the courthouse, Saldierna walked into the building to meet with her probation officer. After the visit, Saldierna returned to the vehicle and told the CI that she failed a drug test for alcohol, marijuana, methamphetamine, and pills. Saldierna also admitted that she was avoiding her probation officer because she had been testing positive for drugs. Saldierna and the CI then left, and Saldierna sold the CI methamphetamine.

A federal grand jury indicted Saldierna on three counts of distributing methamphetamine. Saldierna entered a guilty plea to Count I of the indictment that charged her with distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On August 2, 2023, the district court approved Saldierna's guilty plea and held a sentencing hearing. The court calculated Saldierna's Guidelines range as 100 to 125 months' imprisonment and sentenced her to 120 months. Saldierna argues that her sentence is substantively unreasonable.

## II. *Discussion*

"We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard and may apply a presumption of reasonableness to a sentence within the advisory guidelines range." *United States v. Turner*, 94 F.4th 739, 745 (8th Cir. 2024).

First, Saldierna argues that her "sentence is greater than necessary to satisfy the sentencing goals of [18 U.S.C.] § 3553(a) given the disparity with similarly situated defendants across the nation." Appellant's Br. at 20.

"When the argument is, as in this case, that the district court's sentence created unwarranted disparities with the sentences imposed on unrelated offenders by different judges, there is no principled basis for an appellate court to say which defendants received the appropriate sentence." *United States v. Palkowitsch*, 36 F.4th 796, 801 (8th Cir. 2022) (cleaned up). "[W]e decline to impose a procedural requirement that a district [court] . . . must compare and contrast the defendant under consideration with a similar offender who has been sentenced by another federal [court]." *Id.* (third alteration in original) (quoting *United States v. McElderry*, 875 F.3d 863, 864 (8th Cir. 2017) (per curiam)). We often vacate and remand based on sentencing disparities when there are "unusual circumstances." *United States v. Soliz*, 857 F.3d 781, 783 (8th Cir. 2017). And we generally view sentencing disparity arguments as "a disagreement with the weighing of the § 3553(a) factors." *McElderry*, 875 F.3d at 865 (quoting *Soliz*, 857 F.3d at 783).

Here, the district court adequately considered Saldierna's disparity argument. To determine if the district court provided a sufficient explanation of "its reasons for imposing a particular sentence, the context for [our] review is the entire sentencing record." *Palkowitsch*, 36 F.4th at 802 (quoting *United States v. Mays*, 993 F.3d 607, 619 (8th Cir. 2021)). "Where, as here, issues are raised in sentencing position papers and at the sentencing hearing, a district court is presumed to consider them." *Id.* (cleaned up). During Saldierna's sentencing hearing, the court mentioned that Saldierna "briefed the national sentencing data, the approximate 87 to 88 months for other defendants who fall into the same guideline range for this type of an offense." R. Doc. 41, at 30. The district court then said that it took "sentencing disparity concerns and considerations into the mix here." *Id.* at 31. On this record, the court's recitation of both its knowledge of Saldierna's argument and its consideration of the argument's merits is adequate.

Second, Saldierna insists that the district court failed to consider the progress that she made between her arrest and her sentencing hearing. During that time, Saldierna received professional medical services that led to a psychological diagnosis and medication options.

Saldierna is incorrect. The court considered facts related to her post-arrest/pre-sentencing behavior. Saldierna's attorney discussed Saldierna's mental health improvements with the court, and the court mentioned a desire to ensure that Saldierna receive treatment for those issues. *Id.* at 30 ("I want to be sure that I do what I can to make sure that you get some treatment for . . . those underlying mental health issues while you're incarcerated."). "[B]ut the court then explained why it believed the [120-month] sentence to be necessary . . . ." *United States v. Long*, 657 F. App'x 608, 610 (8th Cir. 2016) (unpublished per curiam). The district court reasoned that Saldierna's brazen act of meeting with her probation officer—in a federal courthouse—while making a drug deal showed a lack of respect for the law. The court also highlighted Saldierna's prior conviction for importing methamphetamine, multiple supervised-release violations involving methamphetamine distribution, and prior assault on a U.S. Marshal. We hold that the court adequately explained its sentence and considered Saldierna's mental health progress.

## III. *Conclusion*

Saldierna fails to "show more than the fact that the district court disagreed with [her] view of what weight ought to be accorded certain sentencing factors." *United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010) (per curiam). Accordingly, we affirm the district court.

_____