# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1262
_____

United States of America

*Plaintiff - Appellee*

v.

Keith Edward Matthews

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 10, 2025
Filed: July 18, 2025
[Unpublished]

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Keith Edward Matthews sold fentanyl in the form of imitation Percocet to co-conspirator Katlyn Brewer. On one occasion, Brewer sold a fentanyl-laced pill to J.G., who took it and died from an overdose. An investigation by Drug Enforcement Administration agents led to Brewer and eventually to Matthews. During the

investigation, Matthews sold nearly 600 fentanyl tablets for $6,000 to a DEA informant in three controlled buys.

Pursuant to a plea agreement, Matthews pleaded guilty to three counts of distribution of fentanyl, 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of conspiracy to distribute and possess with intent to distribute fentanyl, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. The Government agreed to dismiss the greater offense of conspiracy to distribute fentanyl resulting in death, §§ 841(a)(1), (b)(1)(C), and 846 (20-year mandatory minimum sentence), but it reserved the right to seek an upward variance or departure based on J.G.'s death. The parties agreed that the applicable guideline range was 70 to 87 months in prison.

At sentencing, Brewer testified that earlier on the day she sold the pill to J.G., she had bought fentanyl from Matthews. But Brennan Necker, who was with her that day, testified that he did not remember going with Brewer to pick up pills from Matthews. The district court[1] credited Brewer's testimony and found by a preponderance of the evidence that the fentanyl Matthews sold to Brewer was the but-for cause of J.G.'s death. Based on this and other § 3553(a) factors, the district court varied up to a 144-month prison sentence.

Matthews claims that the district court clearly erred when it credited Brewer's testimony that he sold the pill that caused J.G.'s death. United States v. Buford, 42 F.4th 872, 876 (8th Cir. 2022) (standard of review). The district court acknowledged that Brewer's "story changed in some respects" but found she had been "consistent" on "where she got the drugs on that date." And the district court found that text messages corroborated her story and that Matthews was generally distributing fentanyl during this time. During Necker's testimony, the district court had to instruct him to watch his language and to stop laughing and questioned if he understood why he was there. The district court did not clearly err when it found

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

Brewer credible and Necker to be "not a believable witness in any regard in any respect." See Buford, 42 F.4th at 876 ("It is well established that in sentencing matters 'a district court's assessment of witness credibility is quintessentially a judgment call and virtually unassailable on appeal.'" (cleaned up) (citations omitted)).

Matthews also argues that the upward variance was an abuse of discretion because deterrence and severity of the offense were already accounted for in his applicable guideline range. United States v. Miller, 41 F.4th 1019, 1024 (8th Cir. 2022) (standard of review). His range accounted for drug quantity, see U.S.S.G. § 2D1.1(a)(5) (determining base offense level based on Drug Quantity Table), but not J.G.'s death, see U.S.S.G. § 2D1.1(a)(2) (2023) (setting base offense level if "the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance" (referencing § 841(b)(1))). Having found that the fentanyl distributed by Matthews was the but-for cause of J.G.'s death, the district court did not abuse its discretion by varying up. See United States v. Denson, 967 F.3d 699, 709 (8th Cir. 2020) (no abuse of discretion for varying up for deaths due to heroin distribution, even without but-for causation). And this sentence with the 57-month upward variance, while lengthy, is "within the range of reasonableness for a drug offense resulting in death." See United States v. Bollinger, 893 F.3d 1123, 1126–27 (8th Cir. 2018) (130 months with 118-month upward departure); United States v. Reif, 920 F.3d 1197, 1199 (8th Cir. 2019) (96 months with 75-month upward departure); Denson, 967 F.3d at 709 (292 months with 30-month upward variance); United States v. Harris, 44 F.4th 819, 823 (8th Cir. 2022) (70 months with 49-month upward departure); United States v. Nossan, 647 F.3d 822, 827 (8th Cir. 2011) (60 months with 44-month upward departure).

Affirmed.

_____