# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1623

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Alfredo Manuel Nevarez-Espino, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 18, 2006
Filed: December 27, 2006

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Alfredo Manuel Nevarez-Espino pleaded guilty to possession with intent to distribute in excess of 500 grams of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The District Court[1] sentenced Nevarez to 108 months of imprisonment. Nevarez argues that the District Court erred in interpreting the sentencing guidelines and requests a remand for resentencing. We hold that the District Court did not err in its interpretation of the guidelines.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

The guidelines provide alternative methods for making a drug-quantity determination in methamphetamine cases—either the entire weight of the methamphetamine mixture or the weight of the actual (pure) methamphetamine may be used. U.S. Sentencing Guidelines Manual § 2D1.1(c) (2005). The guidelines further instruct: "In the case of a mixture or substance containing . . . methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater." Id. § 2D1.1(c)(B). Here, the District Court used the total weight of pure methamphetamine (550.89 grams) in calculating a total-offense level of 31, which resulted in an advisory range of 108 to 135 months of imprisonment. Nevarez argued for a total-offense level of 27, which would have resulted in an advisory range of 70 to 87 months of imprisonment, based on the total weight of the methamphetamine mixture (1,058.9 grams). Nevarez contends that the District Court erred in interpreting the guidelines to "unambiguously call for" use of the weight of the pure methamphetamine to determine quantity. Sent. Tr. at 22.

We review the District Court's interpretation and application of the guidelines de novo. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). "When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further." United States v. Bah, 439 F.3d 423, 427 (8th Cir. 2006) (internal citations and quotations omitted). The District Court's interpretation of the guidelines was wholly consistent with the Guidelines Manual, which calls for use of the methamphetamine weight that will yield the greater offense level. Therefore, we find no error and affirm the District Court.

_____