# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2987

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin John Heim

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: September 23, 2019
Filed: October 18, 2019

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

Kevin Heim pleaded guilty to conspiracy to distribute 500 grams or more of a mixture containing methamphetamine and 50 grams or more of actual or "ice" methamphetamine. At sentencing, the district court[1] determined a base offense level

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

of 36 because Heim's offense involved between 1.5 and 4.5 kilograms of "ice" methamphetamine. See USSG § 2D1.1(c)(2), Drug Quantity Table Note (C). This resulted in an advisory guidelines sentencing range of 262 to 327 months imprisonment. Heim requested that the court vary downward because his base offense level would only be 32 if the offense involved between 1.5 and 5 kilograms of a methamphetamine mixture. See USSG § 2D1.1(c)(4). He noted that two other Northern District of Iowa judges have announced that they disagree with the guidelines provision governing actual or ice methamphetamine and therefore "will calculate an alternative Guidelines range, starting with a base offense level determined by reference to the methamphetamine mixture Guidelines." United States v. Harry, 313 F. Supp. 3d 969, 974 (N.D. Iowa 2018); see United States v. Nawanna, 321 F. Supp. 3d 943, 950-55 (N.D. Iowa 2018).

The district court denied a variance on this ground, explaining that (i) while "a judge may vary based on his or her own personal opinion and disagreement with the advisory guidelines, I've never sentenced in that fashion," (ii) there is a rational basis for treating distribution of actual methamphetamine as a more serious offense, and (iii) prior decisions of this court have held that "the sentencing practices of one district court are not a reference point for other courts," citing United States v. Bollinger, 893 F.3d 1123, 1126 (8th Cir. 2018), and United States v. Soliz, 857 F.3d 781, 783 (8th Cir. 2017). The court then granted a downward departure and sentenced Heim to 170 months, the bottom of the modified guidelines range.

Heim appeals, arguing the district court committed procedural error by failing to consider that its decision creates unwarranted sentencing disparities with sentences imposed by two other Northern District of Iowa judges. The contention that the district court committed procedural error is frivolous. Not only did the court carefully explain its denial of a variance, "when a sentencing judge correctly calculates and carefully reviews the Guidelines range, [s]he necessarily gives significant weight and consideration to the need to avoid unwarranted disparities." United States v.

Velazquez, 726 F. App'x 530, 531 (8th Cir. 2018) (quotation omitted). Thus, Heim's argument on appeal is a challenge to the substantive reasonableness of the district court's sentence in light of "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Reviewing this issue for abuse of discretion, we affirm.

"[D]istrict courts are entitled to reject and vary categorically from the crack cocaine Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, 555 U.S. 261, 265-66 (2009). One likely result of such policy disagreements among district judges is sentencing disparities, or at least the appearance of sentencing disparities. See United States v. Feemster, 572 F.3d 455, 467-68 (8th Cir. 2009) (en banc) (Colloton, J., concurring). In recent years, numerous defendants have argued on appeal that a district court erred when it refused to vary from a guidelines provision for policy reasons. We have consistently held that, "while a district court may choose to deviate from the guidelines because of a policy disagreement," it is "not required to do so." United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014) (quotation omitted); see United States v. Barron, 557 F.3d 866, 871 (8th Cir. 2009).

As the district court recognized, we have likewise consistently rejected a variation on this theme -- that the district court created unwarranted disparities, contrary to 18 U.S.C. § 3553(a)(6), when it refused to vary from a guidelines provision that other district judges disagree with as a matter of sentencing policy. The district court cited two of our prior cases, Bollinger and Soliz. On appeal, Heim argues these decisions appear to be distinguishable because they involved ad hoc "sentences by other judges," Soliz, 857 F.3d at 783, whereas here there is a policy disagreement among judges of the same district court, a disagreement that "will [a]ffect dozens and then hundreds of defendants." However, we have previously rejected this same argument:

When the argument is, as in this case, that the district court's sentence created unwarranted disparities with the sentences imposed on thirteen unrelated offenders by six different judges, "there is no principled basis for an appellate court to say which defendants received the appropriate sentence." Thus, McElderry's reliance on § 3553(a)(6) on appeal is misplaced.

United States v. McElderry, 875 F.3d 863, 865 (8th Cir. 2017), quoting United States v. Fry, 792 F.3d 884, 893 (8th Cir. 2015), cert. denied, 138 S. Ct. 2003 (2018).

Heim is essentially asking this court to compel the district court to disagree with a guidelines provision as a matter of sentencing policy because other sentencing judges have done so. This is not our proper appellate role in reviewing sentences imposed under the advisory guidelines.

The judgment of the district court is affirmed.

_____