# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2934
_____

United States of America

*Plaintiff - Appellee*

v.

Louie Adan Gutierrez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 25, 2020
Filed: October 29, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Louie Adan Gutierrez pleaded guilty in April 2019 to conspiracy to distribute at least 50 grams of actual methamphetamine in violation of 21 U.S.C. §§ 846,

841(a)(1), (b)(1)(A) and was sentenced to 240 months' imprisonment. Gutierrez appeals the district court's[1] decision not to grant a greater downward variance.

Members of the Davenport, Iowa, Police Department seized more than 100 grams of methamphetamine, other evidence of drug distribution, and three firearms, including a sawed-off shotgun, while executing a search warrant of Gutierrez's residence in 2018. Gutierrez admitted that the methamphetamine was his and that he had accepted virtually anything of value—including firearms—in exchange for methamphetamine.

At sentencing, the district court calculated Gutierrez's total offense level under the U.S. Sentencing Guidelines at 35 because his offense involved between 1.5 and 4.5 kilograms of "ice" methamphetamine and he had timely accepted responsibility. See U.S.S.G. § 2D1.1. With a criminal history category of V, Gutierrez's advisory Guidelines sentencing range of imprisonment was between 262 and 327 months. Because street-level methamphetamine is increasingly classified as "ice," or pure, methamphetamine, Gutierrez asked the district court for a downward variance—in effect treating the 99% pure methamphetamine seized from his basement as a mixture. Gutierrez urged the district court to follow other courts that have granted significant downward variances based on their policy disagreement with the Guidelines's treatment of offenses involving pure methamphetamine. E.g., United States v. Harry, 313 F. Supp. 3d 969, 971–74 (N.D. Iowa 2018) (discussing and adopting policy disagreement with the methamphetamine Guidelines and granting a 80-month downward variance); United States v. Ibarra-Sandoval, 265 F. Supp. 3d 1249, 1255–56 (D.N.M. 2017) (treating the defendant's 98.1% pure methamphetamine as a mixture because "the Commission's assumption regarding the connection between methamphetamine purity and criminal role is divorced from reality"). After

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

considering each of the 18 U.S.C. § 3553(a) factors, the district court granted a 22-month downward variance. Gutierrez argues that reality no longer supports the Guidelines's treatment of purity as a proxy for heightened culpability and that the district court abused its discretion by declining to grant an even greater downward variance. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (standard of review). Gutierrez contends that the district court "fail[ed] to consider a relevant factor that should have received significant weight," namely, his policy disagreement with the Guidelines. Id. (such failure would be an abuse of discretion).

After hearing Gutierrez's arguments, the district court "considered the difference in the Sentencing Guidelines between methamphetamine mixture and pure methamphetamine." In fashioning Gutierrez's sentence, the district court also considered "the need to avoid unwarranted sentencing disparity" among similarly situated defendants but noted Gutierrez's "[v]ery substantial criminal history," and that "a substantial amount of methamphetamine" and "the presence and trading of firearms . . . contribut[ed] to the aggravation of the offense." See United States v. Todd, 521 F.3d 891, 897–98 (8th Cir. 2008) (no abuse of discretion where the district court reviewed the presentence report, listened to the arguments presented, and considered the § 3553(a) factors in sentencing). The district court did not abuse its discretion in weighing Gutierrez's policy disagreement with the Guidelines differently than Gutierrez would have preferred. United States v. Nguyen, 829 F.3d 907, 926 (8th Cir. 2016) (it is not error for the district court to weigh certain factors differently than a defendant may have wished); see also United States v. Heim, 941 F.3d 338, 340 (8th Cir. 2019) ("[W]hile a district court may choose to deviate from the guidelines because of a policy disagreement, it is not required to do so." (cleaned up)).

The judgment of the district court is affirmed.

_____