# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-3408

———————————————

United States of America

*Plaintiff - Appellee*

v.

Derek Rogers

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: October 18, 2021
Filed: December 14, 2021
[Published]

——————————

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

——————————

PER CURIAM.

Derek Rogers pleaded guilty to (i) conspiracy to distribute marijuana and 500 grams or more of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 841(b)(1)(D), 846; and (ii) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Presentence Investigation Report (PSR) determined that Rogers is a career

offender based on two prior predicate felony convictions, a 1995 conviction in the Southern District of New York for violent crimes in aid of racketeering and drug distribution conspiracy, and a 2015 Colorado state court conviction for conspiracy to distribute marijuana. USSG § 4B1.1(a). This resulted in an advisory guidelines sentencing range of 262 to 327 months imprisonment. § 4B1.1(c). The district court[1] overruled Rogers's objection to the career offender designation, granted a downward departure, and sentenced Rogers to 210 months' imprisonment -- 150 months for the drug-conspiracy offense and a consecutive 60 months for the firearm offense. See 18 U.S.C. § 924(c)(1)(D)(ii).

Rogers appeals his sentence, arguing the district court abused its discretion by not granting a downward variance because applying career offender status "overstates [his] culpability and results in a sentence that is substantively unreasonable." When the defendant does not argue the district court committed procedural sentencing error, as in this case, we review the substantive reasonableness of his sentence under a deferential abuse-of-discretion standard. The court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012). It is the "unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted).

On appeal, Rogers argues the career offender guidelines "are among the most severe and least likely to promote sentencing purposes in the United States

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Sentencing Guidelines Manual." While the district court's calculation under the guidelines was "technically correct," he asserts, "application of the career offender status . . . resulted in a sentence that is substantively unreasonable." He cites no Supreme Court or circuit court authority adopting this contention.

The career offender guidelines are found in Part 4B of the now-advisory sentencing guidelines. Contrary to Rogers's assertion that these provisions are "least likely to promote [the Guidelines'] sentencing purposes," the career offender guidelines were adopted to carry out Congress's mandate that the Sentencing Commission "shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants" that include Rogers, whose criminal history spans four decades of violent crimes and drug trafficking. 28 U.S.C. § 994(h); see USSG § 4B1.1, comment. (backg'd). Rogers's frontal assault on the career offender guidelines "is essentially asking this court to compel the district court to disagree with a guidelines provision as a matter of sentencing policy . . . . This is not our proper role in reviewing sentences imposed under the advisory guidelines." United States v. Heim, 941 F.3d 338, 341 (8th Cir. 2019).

At sentencing, Rogers moved for a downward variance based on his socioeconomic background and health conditions -- asthma, high blood pressure, and high cholesterol -- that place him at high risk of serious illness or death from COVID-19. In denying a variance and imposing a 210-month sentence, the district court carefully explained that it had considered the 18 U.S.C. § 3553(a) sentencing factors, the sentencing guidelines, the seriousness of the offense conduct, the violations Rogers committed when granted pretrial release, his troubled childhood and health conditions as mitigating factors, and his extensive criminal history beginning at age 13 and extending nearly four decades as an adult. Though Rogers argues that sentencing him as a career offender insufficiently accounts for his history and

characteristics, the district court assigned other sentencing factors greater weight. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Borromeo, 657 F.3d 754, 757 (8th Cir. 2011) (quotation omitted). There was no abuse of the district court's substantial sentencing discretion.

The judgment of the district court is affirmed.

_____