# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2946
_____

United States of America

*Plaintiff - Appellee*

v.

Davonte Tamos Wiggins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 11, 2022
Filed: June 14, 2022
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Davonte Wiggins pled guilty to drug trafficking and firearms offenses. The district court[1] imposed a below-guidelines sentence of 240 months' imprisonment. Wiggins appeals, claiming his sentence is substantively unreasonable.

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

At the sentencing hearing, Wiggins' counsel advocated for a 240-month sentence. The district court subsequently "varied downward and accepted the recommendation of the defense." A defendant who contests the reasonableness of his sentence "cannot complain that the district court gave him exactly what his lawyer asked." United States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002); see also United States v. Garcia, 848 F. App'x 680, 681 (8th Cir. 2021) (unpublished per curiam) ("Because the court imposed the [defendant's] recommended sentence, we conclude [his] reasonableness challenge is foreclosed."). The substantive reasonableness claim is waived.

Even without that barrier, Wiggins' arguments are unpersuasive. We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The district court disclaimed reliance on the career offender guideline because the otherwise applicable offense level was already higher, see U.S.S.G. § 4B1.1(b), and it had no obligation to impose a lower sentence based on a policy disagreement with the guidelines, United States v. Heim, 941 F.3d 338, 340 (8th Cir. 2019). As for Wiggins' challenge to the weight assigned to the 18 U.S.C. § 3553(a) factors, this is far removed from the "nearly inconceivable" case where a district court would abuse its discretion by "not varying downward still further." United States v. Canamore, 916 F.3d 718, 721 (8th Cir. 2019) (per curiam) (quoting United States v. Carr, 895 F.3d 1083, 1091 (8th Cir. 2018)).

We affirm the judgment of the district court.

_____