# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-2674

_____

United States of America

*Plaintiff - Appellee*

v.

Michael Lindell Teasley

*Defendant - Appellant*

_____

No. 21-3033

_____

United States of America

*Plaintiff - Appellee*

v.

Derek Shantell Thompson, also known as Smoke

*Defendant - Appellant*

_____

No. 21-3522

_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Levon Robinson, Jr.

*Defendant - Appellant*
_____

Appeals from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 15, 2022
Filed: June 15, 2022
[Unpublished]
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

MELLOY, Circuit Judge.

Michael Teasley, Derek Thompson, and Anthony Robinson, Jr., pleaded guilty to offenses arising from a drug distribution conspiracy. Mr. Teasley pleaded guilty to possession with intent to distribute cocaine base. Mr. Thompson pleaded guilty to conspiracy to distribute cocaine and cocaine base. Mr. Robinson pleaded guilty to possession with intent to distribute cocaine and being an unlawful user of a controlled substance in possession of a firearm. The district court[1] sentenced each defendant to a term of incarceration and each appealed his sentence. Mr. Thompson argues that the district court incorrectly calculated the amount of cocaine that was reasonably

____

[1] The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

foreseeable to him.  Mr. Teasley and Mr. Robinson argue their sentences are substantively unreasonable.  We affirm.

"In reviewing a sentence, we first determine whether the district court committed a significant procedural error.  Then 'we review for substantive reasonableness.'"  United States v. Ross, 29 F.4th 1003, 1007 (8th Cir. 2022) (internal citation omitted) (quoting United States v. Godfrey, 863 F.3d 1088, 1094 (8th Cir. 2017)).  It is procedural error for the district court to miscalculate the Guidelines range.  Id.  We review the reasonableness of the sentence for an abuse of discretion.  Id.

We begin with Mr. Thompson.  Mr. Thompson argues that the district court procedurally erred because it incorrectly calculated his offense level.  He argues that the court relied on a drug quantity that was not supported by sufficient evidence.  Mr. Thompson's Presentence Investigation Report attributed 4,608.2 kilograms of converted drug weight to him.  That quantity would result in an offense level of 32.  U.S.S.G. § 2D1.1(c)(4).  Mr. Thompson argues that only 28 grams of cocaine base (99.988 kilograms of converted drug weight) and 113.4 grams of marijuana (0.1134 kilograms of converted drug weight) should be attributed to him.  Mr. Thompson's suggested quantity would result in an offense level of 24.  U.S.S.G. § 2D1.1(c)(8).  See Thompson Br. at 7.

The district court did not commit procedural error.  Even if the court miscalculated Mr. Thompson's drug quantity, it still correctly calculated the Guidelines range.  Mr. Thompson's base offense level was not based on the drug quantity.  It was based on his status as a career offender.  Under the career offender guideline, Mr. Thompson had a base offense level of 34.  U.S.S.G. § 4B1.1.  He had a total offense level of 31, a criminal history category of VI, and a Guidelines range of 188 to 235 months.  Mr. Thompson does not argue that the district court incorrectly calculated the career offender guideline or incorrectly characterized him

as a career offender. Therefore, regardless of the drug quantity, the district court correctly calculated Mr. Thompson's Guidelines range.

We next review Mr. Teasley's sentence. Mr. Teasley argues that his sentence was substantively unreasonable. Under the Guidelines, Mr. Teasley qualified as a career offender. See U.S.S.G. § 4B1.1. Based on his career offender status, the district court calculated a total offense level of 29, a criminal history category of VI, and a Guidelines range of 151 to 188 months. The district court sentenced Mr. Teasley to a below-Guidelines sentence of 132 months. Mr. Teasley argues that this sentence was substantively unreasonable because he qualified as a career offender based on two prior controlled substance offenses. He does not have any prior convictions for crimes of violence. He argues he should have received a sentence closer to the Guidelines range that would have applied if the range had been calculated based on his drug quantity.

The district court was not required to adopt Mr. Teasley's view of the career offender guideline. "We have consistently held that, 'while a district court may choose to deviate from the guidelines because of a policy disagreement,' it is 'not required to do so.'" United States v. Heim, 941 F.3d 338, 340 (8th Cir. 2019) (quoting United States v. Manning, 738 F.3d 937, 947 (8th Cir. 2014)). The district court may, but does not have to, accept the career offender guideline in cases such as this. United States v. Rogers, 20 F.4th 404, 406 (8th Cir. 2021) (per curiam).

Mr. Teasley's sentence was not substantively unreasonable. The district court partially accepted Mr. Teasley's arguments that a sentence based on the career offender guideline was greater than necessary. The court imposed a below-Guidelines sentence based, in part, on Mr. Teasley's "lack of criminal history involving crimes of violence." The court declined, however, to vary downward further because of the aggravating circumstances, including Mr. Teasley's prior drug offenses, his history of possessing firearms, and his use of a firearm with an extended

magazine near controlled substances. Mr. Teasley's 132-month sentence was not an abuse of discretion. See United States v. Torres-Ojeda, 829 F.3d 1027, 1030 (8th Cir. 2016) ("Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." (citation omitted)).

Finally, we review Mr. Robinson's sentence. Mr. Robinson also argues that his sentence was substantively unreasonable. The district court calculated that Mr. Robinson had a total offense level of 21, a criminal history category of IV, and a Guidelines range of 57 to 71 months. The court sentenced him to a low-end sentence of 57 months' incarceration. Mr. Robinson argues that his sentence was unreasonable because the district court failed to consider his role in the conspiracy, his family and employment history, and his good behavior while on pretrial release.

In imposing Mr. Robinson's sentence, the district court found it significant that Mr. Robinson performed well on pretrial release. The court also considered Mr. Robinson's family support, his vocational skills, and his strong work history. Although these factors were positive, the district court also considered several aggravating factors. The court noted Mr. Robinson's criminal history, his possession of a firearm in proximity to distribution-quantities of cocaine, and his possession of a ballistic vest and an extended magazine. The court expressed concern that these factors made Mr. Robinson's offenses particularly dangerous to the community. The court did not abuse its discretion in balancing these factors and arriving at a sentence of 57 months' incarceration. See United States v. Brown, 992 F.3d 665, 673 (8th Cir. 2021) ("[Defendant]'s assertion of substantive unreasonableness amounts to nothing more than a disagreement with how the district court chose to weigh the § 3553(a) factors in fashioning his sentence.").

We affirm the judgments of the district court.

_____