# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-1711
_____

United States of America,

*Plaintiff - Appellee*,

v.

Dustin D. Jones,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 10, 2022
Filed: July 5, 2022

_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Dustin Jones pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district court[1] varied upward from the advisory guideline range of 51 to 63 months, and sentenced Jones

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

to 105 months' imprisonment.  On appeal, Jones argues that the district court gave weight to an improper and irrelevant sentencing factor and thus imposed an unreasonable sentence.  We discern no reversible error, and therefore affirm the judgment.

The conviction arose from an incident on November 24, 2018, in Independence, Missouri.  Police received a report of a breaking and entering at a residence, and a responding officer arrested Jones near the victim's residence.  Assisting officers recovered a loaded firearm on the ground, approximately ten feet from where Jones was placed in custody.  The arrest occurred only five days after Jones was released on parole after serving a term of imprisonment for involuntary manslaughter in Missouri.  Jones was forbidden by law to possess a firearm because he had sustained five prior convictions for felony offenses.

Jones then pleaded guilty to the felon-in-possession firearms offense.  In calculating Jones's advisory sentencing range under the sentencing guidelines, the probation office determined that Jones had committed the instant offense after sustaining a prior felony conviction for a "crime of violence"—namely, involuntary manslaughter in Missouri.  *See* USSG § 2K2.1(a)(4)(A); Mo. Rev. Stat. § 565.024.1. The presentence report concluded that involuntary manslaughter was a crime of violence under the guidelines, because it had as an element the use, attempted use, or threatened use of physical force against the person of another.  *See* USSG § 4B1.2(a)(1).  The report thus recommended a base offense level of 20 and an advisory guideline range of 92 to 115 months' imprisonment.

Jones objected to the report and argued that his manslaughter conviction did not qualify as a crime of violence under the "force" clause of the guideline.  The government ultimately agreed.  As a result, the parties determined that Jones's base offense level should be 14.

At sentencing, the district court accepted the recommendation of the parties on this point. After applying adjustments, the court arrived at a total offense level of 17. With a criminal history category of VI, Jones's advisory sentencing guideline range was 51 to 63 months' imprisonment. Jones sought a sentence within the range, and the government recommended an upward variance to a sentence of 108 months' imprisonment.

With respect to Jones's prior conviction for involuntary manslaughter, the district court remarked that "someone's already lost their life at your hands," and explained that "but for the tortured logic of our court system" under which "shooting another human being to death" is not considered "a violent crime," the court would have arrived at "a much higher guideline range." The court then considered the sentencing factors set forth in 18 U.S.C. § 3553(a), and decided to vary above the advisory guideline range based on the need to protect the public, the need to afford adequate deterrence, and the need to promote respect for the law. The court ultimately imposed a sentence of 105 months' imprisonment.

Jones argues that the sentence was excessive and unreasonable. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Jones contends that the district court placed significant weight on an improper factor—namely, the court's "personal opinion" that governing precedent on the meaning of "crime of violence" was "tortured." Jones argues that if the district court instead had agreed with appellate decisions dictating that involuntary manslaughter was not a crime of violence, then there is a "real possibility" that he would have received a lower sentence.

That the district court may have disagreed with the sentencing guideline as construed by the appellate courts does not amount to an abuse of discretion. Notwithstanding any such disagreement, the court properly calculated the advisory range. In determining whether to vary from that range to fashion a sentence that was

sufficient to comply with the purposes of sentencing under 18 U.S.C. § 3553(a), the court was not bound to adhere to the policies of the advisory guidelines. *See Spears v. United States*, 555 U.S. 261, 263-66 (2009) (per curiam); *United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014). And even if the court did not quarrel with a policy of the guidelines for setting the base offense level, the court was allowed to account for factors that it believed were not adequately weighed by the guidelines. *See United States v. Davis*, 932 F.3d 1150, 1153 (8th Cir. 2019).

Jones's prior conviction for involuntary manslaughter did not qualify as a crime of violence under the guidelines, even though Jones shot the victim to death, because the offense does not "categorically" require an offender to use force, attempt to use force, or threaten to use force against the person of another. That is, some offender could commit involuntary manslaughter in Missouri without meeting one of the force-related elements. Insofar as the district court's reference to the "tortured logic of our court system" registered disagreement with the categorical approach, the court did not refuse to apply it in determining the advisory range. And in varying from the range, it was permissible for the court to consider that Jones would have been assessed a higher offense level under a fact-based approach to the phrase "crime of violence" that encompassed reckless conduct. Alternatively, if the court meant to express no policy disagreement with the guideline, then the court was allowed to vary upward on the ground that the base offense level did not account for the fact that Jones shot a victim to death in his previous offense. Either way, the court did not abuse its discretion by considering an improper factor.

The judgment of the district court is affirmed.

_____