# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-2077

_____

United States of America

*Plaintiff - Appellee*

v.

Jason C. Russell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: April 10, 2023
Filed: April 26, 2023

_____

Before BENTON, ARNOLD, and GRASZ, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After Jason Russell pleaded guilty to conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine,

*see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, the district court[1] at sentencing found that the methamphetamine Russell possessed was pure, leading to a higher Sentencing Guidelines range than Russell believed was appropriate. Russell takes issue with the court's finding and also says that the government breached an agreement not to seek a Guidelines range that was based on pure methamphetamine. We affirm.

Critical to understanding the parties' dispute is the fact that the Guidelines treat defendants involved with pure methamphetamine more harshly than defendants involved with substances of the same weight containing methamphetamine mixtures. In this case, Russell admitted that officers recovered 951 grams of methamphetamine during a traffic stop of a car in which Russell was a passenger. If that methamphetamine was pure, then Russell's base offense level for Guidelines purposes would be 34. *See* USSG § 2D1.1(c)(3). If it was merely a substance containing a mixture of methamphetamine, then his base offense level would be 30. *See id.* § 2D1.1(c)(5). Russell's presentence report said that laboratory tests revealed that the methamphetamine was pure and so calculated Russell's Guidelines range to be 292–365 months' imprisonment. Had testing revealed that the substance was not pure, Russell's range would have been 188–235 months.

Russell objected to the PSR, pointing out that he was charged with and pleaded guilty to conspiring to distribute only a mixture or substance containing a detectable amount of methamphetamine, not pure methamphetamine, and so he shouldn't be sentenced on the ground that the conspiracy involved pure methamphetamine. The court overruled Russell's contention, explaining that the purity of methamphetamine "impacts the guidelines but it doesn't impact what crime he's being charged with." The district court sentenced Russell to 292 months in prison.

---

[1]The Honorable Douglas Harpool, United States District Judge for the Western District of Missouri.

We agree with the district court. To obtain a conviction, the government had to prove merely that Russell's conspiracy involved a mixture or substance containing methamphetamine, so it makes sense that the government charged him that way. But for sentencing purposes, the Guidelines consider whether that substance was pure methamphetamine or not. *See* USSG § 2D1.1(c) & n.B. The government did not rest merely on Russell's guilty plea to demonstrate that the methamphetamine was pure; it had the methamphetamine tested to confirm that it was pure, and Russell has expressly disavowed any challenge to the accuracy of the laboratory testing. The district court therefore did not err. *See, e.g.*, *United States v. Aparicio*, 963 F.3d 470, 474–75 (5th Cir. 2020); *United States v. Godinez-Perez*, 864 F.3d 1060, 1068–69 (10th Cir. 2016).

Russell takes a slightly different tack on appeal from the one he took before the district court. He maintains that the government breached an agreement to him by arguing that the court could sentence him based on the methamphetamine's purity. We recognize that "[a]llowing the government to breach a promise that induced a guilty plea violates due process." *United States v. Thomas*, 58 F.4th 964, 971 (8th Cir. 2023). But Russell has failed to demonstrate that the government made any such promise here. Russell pleaded guilty without the benefit of a plea agreement. He relies instead on a factual stipulation made during his guilty plea that the methamphetamine recovered during the traffic stop "was tested and confirmed as methamphetamine" and "weighed approximately 2.1 pounds (951 grams)." But that stipulation says nothing about drug purity, nor does it contain any promise by the government not to advocate for a Guidelines range based on pure methamphetamine or a stipulation as to what Guidelines range was appropriate. It was merely an observation that provided the necessary factual support for Russell's guilty plea. Because Russell has failed to demonstrate that the government made the promises or stipulations that he says it did, we discern no abuse of discretion here.

Affirmed.

_____