# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3161
_____

United States of America

*Plaintiff - Appellee*

v.

Cesar Cortez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: June 12, 2023
Filed: July 14, 2023
_____

Before GRUENDER, ARNOLD, and KELLY, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Cesar Cortez was found with 890 fentanyl pills after Arkansas state troopers pulled him over. He admitted that the pills were his, that he had traveled to Arkansas from Texas to sell them, and that he had successfully done so before. He later pleaded guilty to possessing a controlled substance with the intent to distribute. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C).

At sentencing, the district court[1] started with an advisory sentencing guidelines range of 30 to 37 months' imprisonment. It then granted the Government's motion for a reduction based on Cortez's substantial assistance to authorities, *see* U.S.S.G. § 5K1.1, lowering the range to 21 to 27 months. From there, the court discussed the 18 U.S.C. § 3553(a) factors. First, it cited the steep rise in deaths from fentanyl in recent years, including in Arkansas, and stated that the guidelines "start the base offense level too low" for fentanyl crimes and fail to account for the drug's extreme lethality. *See* U.S.S.G. § 2D1.1(c). The court further noted that the guidelines treat less lethal drugs like methamphetamine and heroin more harshly. Next, the court considered the aggravating circumstances of Cortez's offense: the large number of pills, the fact that they were falsely labeled as oxycodone, and Cortez's prior sales of fentanyl and other drugs for which he was not charged. The court then turned to mitigating factors. It observed that Cortez was paid daily rather than for each pill sold, that he was not a kingpin, that he used neither guns nor violence, that he was remorseful, that he helped law enforcement investigate his supplier, and that he had a supportive family. The court ultimately concluded that a within-guidelines sentence would be insufficient and sentenced Cortez to 46 months' imprisonment.

On appeal, Cortez contends that his sentence is substantively unreasonable because the court impermissibly varied upward based on a policy disagreement with the guidelines' treatment of fentanyl. He concedes that our review is for an abuse of discretion. We keep in mind that this review is "narrow and deferential" and that reversal of a sentence as substantively unreasonable should therefore be rare. *See United States v. Whitlow*, 815 F.3d 430, 436 (8th Cir. 2016).

We reject Cortez's challenge. As an initial matter, a district court may vary from the guidelines based on its own policy disagreements with those guidelines. *See Kimbrough v. United States*, 552 U.S. 85, 101-05 (2007); *Spears v. United*

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

*States*, 555 U.S. 261, 264 (2009) (per curiam). In other words, a variance need not be based on the court's "individualized determination that [the guidelines] yield an excessive sentence in a particular case." *Spears*, 555 U.S. at 264-66. To be sure, *Kimbrough* and *Spears* involved policy disagreements that resulted in a *downward* variance rather than an *upward* one, as here. But we see no reason why this distinction should matter, and Cortez offers none. Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the sentencing goals described in § 3553(a)(2). If "not greater than necessary" means that policy disagreements can justify a downward variance, then "sufficient" means that they can justify an upward variance as well. *See United States v. Jones*, 38 F.4th 727, 729 (8th Cir. 2022); *United States v. VandeBrake*, 679 F.3d 1030, 1037 (8th Cir. 2012). Here, the court cogently explained its view that the guidelines generally treat fentanyl offenses too leniently. It discussed fentanyl's unique lethality, cited the recent sharp increase in fentanyl-related deaths, and compared the guidelines for fentanyl offenses to the guidelines for methamphetamine and heroin offenses. The district court did not abuse its discretion in relying on its disagreement with the guidelines to vary upward. *See Spears*, 555 U.S. at 264-66; *VandeBrake*, 679 F.3d at 1037.

Moreover, the court tied its general policy disagreement to the specific aggravating circumstances of Cortez's case: the quantity of fentanyl involved, the concealment of the pills as oxycodone, and the past drug sales for which Cortez was not charged. The court carefully weighed these against the mitigating factors and ultimately concluded that they warranted an above-guidelines sentence. We find no abuse of discretion in that determination. *See VandeBrake*, 679 F.3d at 1039 (rejecting substantive-reasonableness challenge where "the district court not only explained at great length why it was concerned about [the antitrust guideline] in general, but more importantly, explained how the guideline applied to (or rather, did not adequately account for) [the defendant's] particular offense conduct"); *see also United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014) ("Where a district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of

the § 3553(a) factors, such sentence is not unreasonable." (brackets and internal quotation marks omitted)).

Because Cortez's 46-month sentence is not substantively unreasonable, we affirm.

———————————————