# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2006
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle Syphax

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: January 17, 2025
Filed: February 5, 2025
_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.
_____

BENTON, Circuit Judge.

The district court[1] sentenced Kyle Syphax to 84 months in prison after his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1)

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri, now retired.

and 18 U.S.C. § 924(a)(8). He challenges the computation of his criminal history score. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

A district court must establish the sentencing range by calculating an offense level for the present offense and a criminal history score based on past convictions. *See generally* **U.S. Sent'g Guidelines Manual**, § 1B1.1(a) (2018). Federal courts must follow applicable commentary to the federal sentencing guidelines. ***Stinson v. United States***, 508 U.S. 36, 42–43 (1993); *see also* ***United States v. Booker***, 543 U.S. 220, 234 (2005) ("Because [the guidelines] are binding on judges, [they] have the force and effect of laws.").

Syphax disputes his criminal history score, which is calculated by assigning points based on "each prior sentence of imprisonment." **U.S.S.G. Manual**, § 4A1.1. To calculate the score:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in subsection (a).
> (c) Add 1 point for each prior sentence not counted in subsection (a) or (b), up to a total of 4 points for this subsection.

***Id.*** If a past case has a probation sentence, the sentencing court adds to an initial prison sentence any later prison sentence for a probation violation. ***Id.***, § 4A1.2(k).

Before this federal conviction, Syphax had four Missouri felony convictions in three separate cases. *See* ***State v. O'Connell***, 726 S.W.2d 742, 748–49 (Mo. banc 1987) (Missouri requires a separate conviction and sentence for each offense charged). Each of the four sentences exceeded 13 months in prison—ordered on three separate dates. Each prison sentence was suspended for (varying) probationary periods. The state court ordered "probation revoked. Sentences to execute–all counts concurrent." The reason for the revocations—the arrest for his federal charge and a drug violation—was the same for all three cases.

The presentence investigation report (PSR) in this case assessed three points for each of Syphax's three state felony cases. *Id.*, § 4A1.1(a); § 4A1.2(a)(2). Counting his other misdemeanor convictions, the PSR calculated a subtotal of 13 criminal history points. *Id.*, § 4A1.1(c). Because he committed his federal offense while on probation and had more than seven points otherwise, his criminal history score was 10 (a criminal history category VI). *Id.*, § 4A1.1(e); ch. 5, pt. A. With his (undisputed) offense level of 23, the guideline range was 92–115 months. *Id.*

Syphax asserts his criminal history score should be 10. His argument: "the PSR may only assign one of his prior sentences 3 criminal history points, while the two remaining prior sentences should receive one point each, for a total of 5 criminal history points." His rationale: (a) the state court ordered one single revocation, not multiple revocations; and (b) a single revocation, under Note 11 to Section 4A1.2 of the sentencing guidelines, would mean that three points go to one case (with the other cases counting for one point each). This would result in a criminal history score of 10 (a criminal history category IV), with a guideline range of 70–87 months. *See id.*

Rejecting Syphax's approach, the district court adopted the PSR's calculations. Varying downward, the court ordered an 84-month prison sentence.

This court reviews de novo the district court's interpretation of the guidelines, and its factual findings for clear error. *United States v. Wiley*, 122 F.4th 725, 731 (8th Cir. 2024). Miscalculating the sentencing guidelines is a procedural error. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

Syphax relies on Note 11 to Section 4A1.2 of the sentencing guidelines. Note 11 governs the calculation of points for probation revocations. As relevant here:

> Where a revocation applies to multiple sentences, and such sentences are counted separately under § 4A1.2(a)(2), add the term of imprisonment imposed upon revocation to the sentence that will result in the greatest increase in criminal history points.

-3-

**U.S.S.G. Manual**, § 4A1.2 cmt. n.11. The parties agree that the past state-court felony convictions are separate, unrelated sentences. Syphax argues that the state court ordered a single revocation applicable to multiple sentences of all his state-court felony cases.

To the contrary, Note 11 applies only if the state court ordered *"a* revocation." But the state court ordered three revocations—one in each of Syphax's state-court felony cases. The Order—captioned with three separate case numbers—said "sentences to execute–all counts concurrent."

Note 11's plain and unambiguous language applies to a single revocation, not cases where, as here, there are multiple revocations. Although the revocations occurred on the same day based on the same conduct, they were separate, each applying to a different case. Because each case had a prison sentence greater than 13 months, the PSR correctly assigned three points to each one. *Cf.* ***United States v. Clayton***, 726 Fed. Appx. 507, 509 (8th Cir. 2018) (unpublished) (holding, on plain error review, that criminal history points can be added to two prior cases when the state court revoked probation for both on the same day).

The Tenth Circuit correctly analyzed Note 11 in *United States v. Norris*. *See* ***Norris***, 319 F.3d 1278, 1287 (2003), *overruled on other grounds by* ***United States v. Rodriquez***, 553 U.S. 377, 390–91 (2008). Norris had two prior state-court cases, each 2 points under Section 4A1.1(b). ***Id.*** at 1280–81. Relying on Note 11, he argued his prior cases should count for three total points, not four. ***Id.*** at 1286. The Tenth Circuit disagreed: "[W]here a state-court judge imposes separate sentences upon the revocation of unrelated sentences of probation, the conclusion to be drawn is that the state court did not intend to have one revocation apply to multiple sentences." ***Id.*** at 1287. As here, the *Norris* court revoked probation and ordered prison sentences in separate cases.

Syphax urges this court to follow the contrary holdings of the Sixth and Ninth Circuits. In *United States v. Streat*, the Sixth Circuit held that by Note 11, although "Streat was serving multiple probationary sentences at the time that his probation was revoked," his "probation was revoked on these sentences for the same 'violation conduct.'" **Streat**, 22 F.3d 109, 111 (6th Cir. 1994). The court relied on Note 11's example as "precisely on point":

> Example: A defendant was serving two probationary sentences, each counted separately under § 4A1.2(a)(2); probation was revoked on both sentences as a result of the same violation conduct; and the defendant was sentenced to a total of 45 days of imprisonment. If one sentence had been a "straight" probationary sentence and the other had been a probationary sentence that had required service of 15 days of imprisonment, the revocation term of imprisonment (45 days) would be added to the probationary sentence that had the 15-day term of imprisonment. This would result in a total of 2 criminal history points under § 4A1.1(b) (for the combined 60-day term of imprisonment) and 1 criminal history point under § 4A1.1(c) (for the other probationary sentence).

*Id.*; **U.S.S.G. Manual**, § 4A1.2 cmt. n.11. The example describes when courts add prison sentences before and after the probationary period. *See* **U.S.S.G. Manual**, § 4A1.2(k). The example addresses how to count one prison sentence, not multiple prison sentences. Critically, the Sixth Circuit did not say if the state court there ordered a single probation revocation or multiple revocations. *See* **Norris**, 319 F.3d at 1285–86. For Syphax, there is no dispute that the state court revoked his probation in three separate cases—thus avoiding Note 11 due to its plain language requiring "*a* revocation."

The Ninth Circuit merely adopted the Sixth Circuit's holding in *Streat* without additional analysis of Note 11's text even though the defendant there had multiple revocations in multiple cases. *See* **Flores**, 93 F.3d 587, 591–92 (9th Cir. 1996).

Syphax emphasizes what he calls a Commission "primer." *See* **U.S. Sent'g Comm'n**, *Special Rules for Revocations §4A1.2(k) and Application Note 11* (2019). This "quick reference material" includes an example where, for the revocation of multiple sentences, 3 criminal history points are assigned to one of two cases, with the other case receiving 1 point. *See id.*, Ex. 4. This court must follow the commentary's text, not contrary "quick reference materials." *See **United States v. Abumayyaleh***, 530 F.3d 641, 650 (8th Cir. 2008) ("When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further."), *quoting **United States v. Nevarez-Espino***, 471 F.3d 926, 927 (8th Cir. 2006); ***Stinson***, 508 U.S. at 42–43.

The district court properly computed Syphax's criminal history score. The court correctly concluded that each state-court felony case should receive three criminal history points because the state court revoked probation and ordered prison sentences in three separate cases.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____