# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1789
_____

United States of America

*Plaintiff - Appellee*

v.

Michael Lee Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa

_____

Submitted: May 12, 2025
Filed: August 14, 2025
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Michael Lee Smith pled guilty to conspiring to possess with intent to distribute methamphetamine and to possessing a firearm in furtherance of a drug trafficking crime. The district court[1] sentenced Smith to a total of 330 months of

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

imprisonment. Smith appeals his sentence, arguing the district court erred in applying the enhancement for reckless endangerment during flight and in calculating his criminal history. We affirm.

First, we consider Smith's challenge to the enhancement for reckless endangerment during flight. The United States Sentencing Guidelines Manual provides a two-level increase when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. "Reckless" is defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §§ 2A1.4 cmt. n.1, 3C1.2 cmt. n.2. "We review for clear error a district court's findings with respect to reckless endangerment during flight." *United States v. Williams*, 30 F.4th 796, 799 (8th Cir. 2022) (quoting *United States v. Silva*, 630 F.3d 754, 756 (8th Cir. 2011)).

Smith claims the facts and circumstances surrounding his flight from law enforcement did not rise to the level of recklessness required for the enhancement to apply because "[t]here was no clear risk of personal injury or property damage." The undisputed facts show Smith fled from law enforcement on a motorcycle at a high rate of speed. During the chase, he "lost control of his motorcycle, struck a trash can, and spun out in a bystander's yard." While the district court acknowledged it had seen flight that was "worse than [Smith's] in terms of risk to the community" and that "[l]uckily there was no one around," it found Smith created a substantial risk of death or serious bodily injury to another person because a bystander "could have been [around]" and the fact that Smith did not injure another person was beside the point. This reasoning is consistent with precedent. *See United States v. Bazaldua*, 506 F.3d 671, 675 (8th Cir. 2007) (explaining the "enhancement does not require any injury or damage" but only that "the defendant's actions create[d] 'a *substantial risk* of death or serious bodily injury to another person'" during flight

from law enforcement (quoting U.S.S.G. § 3C1.2)); U.S.S.G. § 2A1.4 cmt. n.1 (defining "reckless"). And the district court's findings were not clearly erroneous.

Next, Smith argues the district court erred in calculating his criminal history by treating certain prior offenses as separate offenses even though some of the sentences for those offenses were imposed concurrently. "This court reviews de novo the district court's interpretation of the guidelines, and its factual findings for clear error." *United States v. Syphax*, 127 F.4th 746, 748 (8th Cir. 2025). "Miscalculating the sentencing guidelines is a procedural error." *Id.* "A district court must establish the sentencing range by calculating an offense level for the present offense and a criminal history score based on past convictions." *Id.* at 747. Here, the district court assessed three points for each prior sentence at issue, for a total of eighteen points. *See* U.S.S.G. § 4A1.1(a) (adding three points for each prior prison sentence exceeding one year and one month). Although certain sentences were imposed concurrently, they were either imposed on different dates, separated by an intervening arrest, or imposed for offenses that were charged in separate instruments with different case numbers in separate counties. *See* U.S.S.G. § 4A1.2 (a)(2); *United States v. Lewchuk*, 958 F.2d 246, 247 (8th Cir. 1992) (concluding the district court properly treated concurrent sentences separately as "they were imposed at different times by different courts under different docket numbers"). Thus, the district court properly computed Smith's criminal history score because the prior offenses at issue encompassed different dates, cases, and facts.[2]

---

[2]To the extent Smith argues a downward departure was warranted in light of his criminal history category overrepresenting the seriousness of his criminal history or likelihood that he would commit future crimes, *see* U.S.S.G. § 4A1.3(b)(1), he did not raise this argument before the district court and shows no plain error in the district court's failure to depart sua sponte from his correctly calculated criminal history score, *see United States v. Carrasco*, 271 F.3d 765, 767–68 (8th Cir. 2001). Also, to the extent Smith argues his sentence is substantively unreasonable, we see no abuse of discretion in the district court's decision to impose a below-range sentence. *See United States v. Morais*, 670 F.3d 889, 893 (8th Cir. 2012) (noting that "[w]e review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard").

The judgment of the district court is affirmed.

_____