# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3119

_____

United States of America

*Plaintiff - Appellee*

v.

Marvin D. Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2026
Filed: May 26, 2026
[Published]

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

PER CURIAM.

Marvin Williams pleaded guilty to drug and gun charges, and the district court[1] imposed a 180-month sentence of imprisonment. Williams appeals his sentence, and we affirm.

---

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

I.

In November 2022, law enforcement conducted two controlled buys. In the first, Williams sold 27.9 grams of a mixture containing methamphetamine to a confidential source. About a week later, he sold the confidential source 55.4 grams of the same. On November 21, 2022, officers executed a search warrant at Williams's home where they seized 31.38 kilograms of actual methamphetamine, digital scales, drug packaging materials, a drug ledger, $42,530 in cash, and five firearms.

On April 10, 2023, Williams pleaded guilty to four offenses: possession with intent to distribute actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 1); two counts of distribution of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 4 and 5); and one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count 3).[2] In the Plea Agreement, the parties agreed that Williams was responsible for more than 4.5 kilograms of actual methamphetamine, resulting in a base offense level 38. See USSG § 2D1.1(c)(1) (assigning base offense level 38 for 4.5 kilograms or more of actual methamphetamine). The parties also agreed a 2-level enhancement applied because Williams possessed a firearm, see USSG § 2D1.1(b)(1) ("If a dangerous weapon (including a firearm) was possessed, increase [the base offense level] by 2 levels."), and that Williams qualified for a 3-level reduction for acceptance of responsibility, see USSG § 3E1.1. The Presentence Report adopted the parties' calculations, resulting in a recommended sentencing range of 235–293 months.

At sentencing, Williams objected to this range, arguing that the distinction in the Guidelines between actual methamphetamine and a mixture containing methamphetamine was "completely arbitrary." Williams asked the district court to recalculate the sentencing range using a base offense level 36 for a mixture

_____

[2]The government agreed to dismiss Count 2 of the Superseding Indictment.

containing methamphetamine—and a range of 188–235 months—rather than a level 38 for actual methamphetamine. The district court overruled the objection, but varied downward and imposed concurrent sentences of 180 months and a 3-year term of supervised release.

## II.

On appeal, Williams asserts the district court erred when it calculated his Guidelines range based on actual, rather than a mixture containing, methamphetamine. "Miscalculating the sentencing guidelines is a procedural error." United States v. Syphax, 127 F.4th 746, 748 (8th Cir. 2025) (citing United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). "[We] review[] de novo the district court's interpretation of the [G]uidelines, and its factual findings for clear error." Id. (citing United States v. Wiley, 122 F.4th 725, 731 (8th Cir. 2024)).

The Guidelines treat actual, or pure, methamphetamine more severely than a mixture containing methamphetamine. See USSG § 2D1.1(c); United States v. Lugo-Barcena, 57 F.4th 633, 637 (8th Cir. 2023) (explaining that the Guidelines "distinguish between pure methamphetamine and mixtures containing methamphetamine" by treating defendants "caught with pure methamphetamine . . . as having a drug quantity ten times as much as those caught with mixtures containing methamphetamine"). Williams does not dispute that he was responsible for more than 4.5 kilograms of actual methamphetamine, or that this quantity corresponds to a base offense level 38. We see no error in the district court's calculation of his Guidelines range.

Williams also appears to suggest that the district court erred in not varying downward based on a policy disagreement with the Guidelines' treatment of methamphetamine.[3] District courts are free to reject the Guidelines' distinction

---

[3]Williams does not characterize the requested relief as a variance, but similar arguments have been construed as such. See, e.g., United States v. Heim, 941 F.3d 338, 339–40 (8th Cir. 2019) (affirming refusal to "vary downward" based on a

between actual methamphetamine and a mixture containing methamphetamine when fashioning an appropriate sentence. Cf. Heim, 941 F.3d at 340. But they are "not required to do so." Id. (citations omitted). Williams points out that several district courts have found no empirical support for the distinction, and he contends that methamphetamine purity is no longer a viable proxy for culpability. The district court considered Williams's argument but declined to vary downward on that basis. The court understood its authority to vary from the Guidelines, as it granted a downward variance based on other factors. We discern no abuse of discretion in the court's decision not to include Williams's policy disagreement among those factors. See United States v. Cortez, 72 F.4th 1344, 1345–46 (8th Cir. 2023) (reviewing district court's decision to vary based on a policy disagreement with the Guidelines for abuse of discretion).

Finally, Williams asserts in passing that the government's decision to allege actual methamphetamine in Count 1 of Superseding Indictment,[4] when Count 1 of the original Indictment alleged a mixture, was "arbitrary and capricious." But again, Williams does not dispute the laboratory testing that established the purity of the methamphetamine at issue, and he stipulated to it in the Plea Agreement. In any

---

disagreement "with the [G]uidelines provision governing actual or ice methamphetamine" (citations omitted)); Spears v. United States, 555 U.S. 261, 262–66 (2009) (per curiam) (characterizing a sentencing judge's substitution of a 20:1 crack-to-powder cocaine ratio for the Guidelines' 100:1 ratio for the purpose of calculating the defendant's offense level as a decision to "vary categorically").

[4]The original Indictment charged Williams with two counts. Count 1 alleged he possessed with intent to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In the Superseding Indictment, Count 1 was modified to allege possession with intent to distribute 50 grams or more of actual methamphetamine, also in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Both counts carried the same statutory penalties. See 21 U.S.C. § 841(b)(1)(A)(viii) (10 years to life). Ultimately, pursuant to the Plea Agreement, Williams pleaded guilty to a lesser included offense of Count 1, which carried a lower statutory range. See 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (no more than 20 years).

event, even if Williams had pleaded guilty to an offense involving a mixture containing methamphetamine, his base offense level under the Guidelines would still have been determined according to the purity of the drug. <u>See</u> <u>United States v. Russell</u>, 66 F.4th 720, 722 (8th Cir. 2023) (explaining that, "for sentencing purposes, the Guidelines consider whether th[e] substance was pure methamphetamine or not," regardless of whether the offense of conviction specifically involved pure methamphetamine or a methamphetamine mixture).

III.

The judgment of the district court is affirmed.

_____