United States Court of Appeals

For the Eighth Circuit

_____

No. 25-1551

_____

United States of America

*Plaintiff - Appellee*

v.

Candace Sue Thein, also known as Candace Sue Cummings

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: April 13, 2026
Filed: June 16, 2026
[Unpublished]

_____

Before KELLY, ARNOLD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Candace Thein pleaded guilty to one count of conspiring to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and one count of distributing a controlled substance, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and

the district court[1] imposed consecutive sentences of 240 months in prison for conspiracy and 52 months for distribution. She appeals.

At sentencing, the district court considered Thein's attempt to collect on a drug debt while "she was clearly aware law enforcement officers were onto her." Thein now claims that, while the interaction "was over a monetary debt," there was no evidence "that indicated the debt was drug related." But she did not object to the PSR's factual allegation that the debtor was one of her methamphetamine customers. See United States v. Zayas, 758 F.3d 986, 990 (8th Cir. 2014) (district court may rely on unobjected to factual allegations in the presentence report). The district court did not plainly err when it inferred that a debt owed to Thein by a methamphetamine customer was related to drugs. See United States v. Cottrell, 853 F.3d 459, 462 (8th Cir. 2017) (standard of review where defendant failed to object to the alleged error).

Thein next argues the district court should have varied down because law enforcement seized only marijuana from her. But Thein admitted that she voluntarily and intentionally joined the conspiracy to distribute methamphetamine and sold methamphetamine to another person. She does not challenge the drug-weight calculation and acknowledges she can be held responsible for any drugs foreseeably distributed as part of the conspiracy. See United States v. Vinton, 429 F.3d 811, 817 (8th Cir. 2005); see also U.S.S.G. § 1B1.3(a)(1)(B). The district court properly considered the 18 U.S.C. § 3553(a) factors, including Thein's involvement in the conspiracy, which imported large amounts of ice methamphetamine, so it did not abuse its considerable discretion "in declining to vary downward." United States v. Kobriger, 825 F.3d 495, 498 (8th Cir. 2016).

Thein also claims that her criminal history was driven by drug addiction and the district court should have given that consideration more weight. But it's clear the district court did consider how her drug addiction influenced her conduct and

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.

weighed it against her participation in the conspiracy.  See 18 U.S.C. § 3553(a).  The court explained that Thein was not just "sell[ing] enough meth to meet her own personal needs, but she was in this for making profit off of it."  The district court did not abuse its discretion when it decided "to assign some factors more weight than others."  United States v. Sharkey, 895 F.3d 1077, 1083 (8th Cir. 2018) (per curiam).

Similarly, Thein argues the district court should have given weight to the fact that her original criminal history category was increased based on United States v. Syphax, 127 F.4th 746 (8th Cir. 2025), a case decided after her presentence report was prepared.  See id. at 748 (explaining how to calculate criminal history points for multiple revocations).  Assuming this is a mitigating factor, the district court did consider it and "simply [could not] conclude . . . [Thein's] criminal history category of VI overstates significantly in any way the seriousness of her criminal history or the likelihood of her reoffending."

Finally, the district court acted within its "discretionary authority to order sentences to run consecutively rather than concurrently."  United States v. Valure, 835 F.3d 789, 790 (8th Cir. 2016).  It properly considered the § 3553(a) factors when it imposed consecutive sentences, finding that "while there may be some mitigating factors here, there's also significant aggravating factors."  See 18 U.S.C. § 3584 (directing district court to consider the § 3553(a) factors in deciding "whether the terms imposed are to be ordered to run concurrently or consecutively").

Affirmed.

_____